CRAGGS vs BOHART.

Opinion delivered September 25, 1902.

1. *Appeal—Record—Must Contain all Evidence or Errors Relating Thereto not Considered.*

Where, on appeal the errors assigned relate to the admission or exclusion of evidence, same will not be considered unless the record affirmatively shows that all evidence introduced at the trial is included therein.

2. *Appeal—Record—Sufficiency of Certificate.*

A statement or certificate contained in a record, on appeal, which re-

cites "This was all of the testimony introduced on the trial of this cause" does not sufficiently show that all evidence is contained in the record.

3. *Appeal—Record—Instructions—Motion for New Trial.*

Where, on appeal, errors assigned relate to the giving or refusal of instructions, same will not be considered where the record does not purport to contain all of the instructions given, and where no motion for new trial is made a part of the record by Bill of Exceptions.

4. *Appeal—Record—Right to Open and Close.*

An assignment of error based upon the refusal to allow the defendant to open and close will not be considered where no exception to such ruling was taken and preserved. And where, in an action on a note the defense denies the execution of the note and pleads other affirmative defenses, defendant is not entitled to open and close the argument, notwithstanding the court rules that burden of proof is upon defendant to establish his affirmative defenses.

5. *Appeal—Record—Assignment of Error not Considered where Ruling of Court not Shown.*

This court will not consider an assignment of error based on the overruling of a motion to quash a writ of garnishment, where the record does not disclose any ruling of the court thereon.

6. *Appeal—Record—Motion for new Trial—Bill of Exceptions.*

An assignment of error in overruling a motion for a new trial, when no motion for new trial is made a part of the record by bill of exceptions, is without merit.

Appeal from the United States Court for the Southern District.

Hosea Townsend, Judge.

Action by J. A. Bohart, against John Craggs. Judgment for plaintiff. Defendant appeals. Affirmed.

On the 28th of May, 1897, the appellee filed his complaint in the United States Court at Chickasha, as follows: "Now

comes J. A. Bohart, and represent unto your honor that he is a resident citizen of Chickasha, Ind. Ter., but not a member of any Indian tribe, and complains of John Craggs, a resident citizen of Oklahoma Territory, and not a member of any Indian tribe. For complaint this plaintiff says: (1) That heretofore, to wit, on or about the 29th day of June, 1895, this defendant executed and delivered to this plaintiff a certain promissory note for the sum of $400, which note is in words and figures as follows: '$400.00. Chickasha, I. T., June 29, 1895. Sixty days after date, for value received. we or either of us promise to pay to the order of J. A. Bohart the sum of four hundred dollars, at the Bank of Chickasha, Chickasha, I. T., with interest at 10 per cent, per annum from maturity; and, if not paid when due, then interest to become a part of the principal, and draw same rate of interest until paid. The indorsers, sureties, guarantors, severally waive presentment for payment, protest, and notice for protest, and notice of non-payment of this note, and they agree that the time of payment may be extended without notice or consent, or without affecting their liabilities. If placed in the hands of an attorney for collection, 10 per cent. to be added as attorney's fees. (Signed) John Craggs. Samuel Byers.' (2) That said note is due and unpaid, and the defendant refused to pay, and still refuses to pay same, though often requested to do so. (3) That plaintiff is the legal and equitable owner of said note. Wherefore, premises considered, plaintiff prays judgment against the defendant, John Craggs, for the said sum of $400, with interest $75.35, as provided by the terms of said note; and that defendant, John Craggs, be cited to answer this complaint; and, it appearing that the defendant now has property within the jurisdiction of this court in the form of money and credits in the hands of J. A. McCampbell, cashier, and C. Erwin, assistant cashier, of the Citizen's Bank of Chickasha, Ind. Ter.; and asks that an order of attachment be issued against the said defendant, John Craggs, and the said J. A. McCampbell,

and C. Erwin be summoned to answer as garnishees in this cause."

On the same day there was filed with the clerk an affidavit for an attachment setting forth that defendant, Craggs, was a nonresident of the Indian Territory, and upon this an order of attachment was issued and served upon J. A. McCampbell and C. Erwin, as garnishees, by the United States marshal for the Southern District, on the same day. On October 11, 1899, the second amended answer of defendant, Craggs, was filed, as follows: "Now comes the defendant, John Craggs, and for his second amended answer to plaintiff's complaint filed herein, leave of the court first granted, states: (1) That defendant admits that he is a non-resident of the Indian Territory; that he is a United States citizen and resides in Anadarko. (2) Defendant denies that he executed the note as alleged in plaintiff's complaint, but avers that he signed said note only as surety for the said Samuel Byers, which was so understood at the time of the execution thereof by defendant. The plaintiff only secured the signature of the said defendant, John Craggs, as such surety for the said Sam Byers. (3) That said note was executed to plaintiff by the said Samuel Byers for borrowed money, and that, after it was agreed between plaintiff and defendant and the said Samuel Byers that defendant should sign said note as surety for the said Samuel Byers, he (defendant) went to plaintiff's office to sign same, and placed his name in such a position on said note, leaving a line above for the said Samuel Byers to sign, indicating that the said defendant was simply signing as surety; and when the said Samuel Byers went to plaintiff to sign said note plaintiff wrongfully, unlawfully, and fraudently induced the said Samuel Byers to sign or place his name on said note on the line below the defendant's name, in order to indicate that the defendant herein was principal on said note. (4) Defendant further denies that the plaintiff, J. A. Bohart, is the

legal and lawful owner of the said note, and denies said note was ever executed to the said J. A. Bohart, plaintiff herein, but avers and alleges the truth to be that said note was executed to the order of the Bank of Chickasha, then composed of J. C. Bohart, president, J. A. Bohart, cashier, and W. A. Bohart assistant cashier, and that they were the owners of said note. (5) Defendant denies that he was about to remove his property from the Indian Territory at the time this suit was filed, leaving enough therein to satisfy the claim of said plaintiff. (6) Defendant further denies that he is indebted to plaintiff, J. A. Bohart, in the sum alleged in plaintiff's complaint, or in any other sum, but alleges that he has paid the same, in this: That as surety on said note he secured from the principal Samuel Byers, a note for ($450) four hundred and fifty dollars, the amount of the principal and interest at the time of the note sued on in this action. Said Samuel Byers at the same time executed a chattel mortgage, payable to the Bank of Chickasha, on sufficient personal property, to more than secure the same, and also turned over two other promissory notes, of one hundred dollars ($100) each; and that said note of four hundred and fifty dollars ($450), together with the mortgage securing the same, and the two notes last described, were all turned over to this defendant to be delivered to plaintiff herein as security for his indebtedness against the same Samuel Beyers, and in order to have this defendant released from any further liability on said note sued on in this action; and that immediately this defendant went to plaintiff, and notified plaintiff of the said note and chattel mortgage herein mentioned and the other two notes put up as collateral security, and also stated to plaintiff, or the Bank of Chickasha, that, if plaintiff would accept said note and securities against the said Samuel Byers in payment of any indebtedness against this defendant, and to release all liability against this defendant from said note sued upon, that

he, defendant herein, would deliver to plaintiff, or the Bank of Chickasha, the said four hundred and fifty dollar note of the said Samuel Byers, secured by a chattel mortgage of the said Samuel Byers, together with the two notes put up as collateral security, but so stated to plaintiff, or the Bank of Chickasha, and it was so expressly understood, that he, (defendant) would not, under any other circumstances, turn over to plaintiff, or the Bank of Chickasha, unless they would release him from any further liability on said note sued upon in this action. That at the time plaintiff refused to accept said note and chattel mortgage and the two notes mentioned as collateral security, and discharge this defendant, but within a short time thereafter plaintiff, or the Bank of Chickasha, wrote to this defendant at Anadarko, requesting him to send him, plaintiff, cashier of the Bank of Chickasha, the said four hundred and fifty dollar note, and the chattel mortgage securing the same, and also the two notes, one hundred dollars each, put up as collateral security as above described, which this defendant did, with the agreement and understanding that it released him from all further liability on said note sued upon in this action, and that the plaintiff herein accepted the same with that understanding and upon that agreement. That this defendant has never had said note returned to him, and that plaintiff has ever since kept said notes and securities, and defendant was not notified for several months afterwards that plaintiff intended to hold him responsible on said note sued on in this action, but he had every reason to believe and did believe, that the same had been satisfied as to this defendant, for the reason that the plaintiff, or the Bank of Chickasha, had accepted said security obtained from Samuel Byers under the agreement that he would release the defendant from any further liability, which the acceptance and the retention of said securities had ever deprived this defendant of the use and benefit of the same for his protection. (7) That some time after the defendant turned over the securities to plaintiff

as stated above, he (the plaintiff,) went to said Samuel Byers, and took other notes and securities in payment of said indebtedness sued on herein, without the consent or knowledge of this defendant; and that defendant had not been notified for a number of months but what said note had been satisfied in full by the said Samuel Byers. (8) That Samuel Byers, who was principal on said note sued upon in this action, at the maturity of said note had sufficient property to pay said note; and that the defendant herein often and at various times requested and demanded of plaintiff to make his money out of the said Sam Byers, principal on said note, and notified him of the property belonging to the said Sam Byers, the principal, out of which plaintiff could have made the amount of money due on said note; and that plaintiff well knew all the time that this defendant was only surety on said note for the said Samuel Byers. (9) Defendant, further answering, avers and alleges the truth to be that said note sued upon in this action was executed by said Samuel Byers, principal, and this defendant as surety, payable to the order of the Bank of Chickasha, Indian Territory, and that plaintiff wrongfully, unlawfully, and fraudently scratched the payee's name, the Bank of Chickasha, and inserted the name J. A. Bohart, this plaintiff herein, which materially changed said note since the same was executed, and without the knowledge or consent of this defendant herein, and it was done with a wrongful, unlawful, and fraudulent intent to defraud this defendant out of his rights, wherein plaintiff sought to avoid applying the note of four hundred and fifty dollars and the securities above mentioned, which were executed to the order of the Bank of Chickasha, and intended to compel and force this defendant to pay same, avoiding the trouble of delay and inconvenience of collecting the same out of the securities therein mentioned. (10) Defendant, further answering, alleges the truth to be that the note sued on herein is absolutely void for the following reason, to wit: That said note was executed for

(30)

borrowed money at the Bank of Chickasha, in which plaintiff
is a stockholder and the cashier of the same, for the sum of
four hundred dollars ($400), payable in sixty days after date,
which borrowed money was for the benefit of the said Samuel
Byers, the principal in said note, and was understood at the time
by plaintiff and said bank and that the said Samuel Byers only
received from plaintiff in consideration of said note three hundred
and seventy four dollars ($374), and that it was there agreed be-
tween plaintiff and the said Samuel Byers that the plaintiff would
charge the said Samuel Byers twenty-six dollars ($26) interest
for the use of the said $374 for sixty days; plaintiff thereby
corruptly and unlawfully reserving and charging the said Samuel
Byers a great deal larger rate of interest than 10 per cent. per
annum; and that said agreement to take usurious interest was
corruptly made, and the sum of $26, with the intention on the
part of the plaintiff, and by the consent of said Samuel· Byers
and defendant herein, to charge illegal interest, thereby render-
ing said note illegal and void. Wherefore, premises considered,
this defendant prays that he may go hence without delay, and
have judgment for his costs in this behalf expended."

The case was heard by a jury, with verdict for plaintiff,
and on October 9, 1899, there was a judgment sustaining the·
attachment, and a judgment for plaintiff in the sum of $565.73
and costs, with interest at ten per cent. per annum from date
of the judgment. The record was filed in this court in December,
1899. Appellant presents the following ten assignments of
error for our consideration: "The court below erred: (1) In
refusing to permit appellant to prove by Samuel Byers, in re-
buttal to appellee's testimony the amount of money he had in
his possession when the three hundred and seventy-six dollar
draft was given him by appellee. (2) In refusing to permit
witness to testify, in rebuttal to appellee J. A. Bohart's testimony
that he had a check in his possession for one hundred and ninty-

eight dollars, executed by appellant, and that he got said check cashed before he went to Kansas City, and for that reason had no occasion to have the four hundred dollar draft changed to three hundred and seventy-six dollars, as claimed by appellee. (3) In refusing to permit appellant to introduce said check in evidence, as set out in his bill of exceptions, page 44, together with the indorsements thereon. (4) In refusing to permit appellant to testify in rebuttal to J. C. Bohart's testimony that said check was given by him to witness Byers just before he came to Chickasha and received the three hundred and seventy-six dollar draft, and that it was in payment of his indebtedness to the said witness Byers for corn. (5) In giving to the jury the charges set out in fifth and sixth sections of appellant's bill of exceptions and the second section of the court's charges. (6) In refusing to give to the jury the instructions requested by attorney for appellant, as set out in paragraph 7 of appellant's bill of exceptions, transcript, page 46. (7) In refusing to allow appellant to open and close the argument, and in permitting appellee to open and close the same after having charged the jury that the burden of proof was upon the appellant to make out the defense pleaded by him by a fair preponderance of the testimony. (8) In refusing to give the charges presented and requested by appellant, as set out in his bill of exceptions, paragraphs 9, 10, 11, 12, and 13. (9) In overruling appellant's motion to quash the writ of garnishment issued and served in this case. (10) In overruling the appellant's motion for a new trial, and refusing to grant same."

*F. E. Riddle*, for appellants.

*Chas. M. Fechheimer* and *P. B. Monical*, for appellee.

RAYMOND, J. In passing upon the first four assignments of error, it is necessary to refer to the record as filed in this court to see whether or not it contains all of the evidence which was

introduced upon the trial. On page 40 of the printed record will be found this statement: "This was all the testimony introduced on the trial of this cause." There is a dispute between counsel as to whether or not the record contains all of the evidence introduced. We cannot consider these assignments of error unless the record shows affirmatively that all of the evidence introduced upon the trial is made a part of the record by a bill of exceptions. The statement that this was all the testimony given in the cause is not sufficient. "The statement that the bill of exceptions contains all the evidenec must be made in explicit terms. It will not be sufficient that it contains a recital that 'this was all the testimony given in the case', since the word 'testimony' is not synonymous with the word 'evidence.' Thomp. Trials, p. 2112, § 2784; citing Central Union Tel. Co. vs State, 110 Ind. 203, 10 N. E. 912, 12 N. E. 136. The first four assignments of error are therefore held to be not well taken.

As to the fifth, sixth, and eighth assignments of error, in relation to the action of the court in giving instructions asked for by appellee and in refusing instructions offered by appellant it will be seen, by referring to the bill of exceptions: First, that the record does not purport to contain all of the instructions which were given by the court; and, second, no motion for a new trial has been made a part of the record by a bill of exceptions. This is necessary in order to present the matter for our consideration. Smith vs Simpson, 3 Ind. Ter. Rep. 503, (61 S. W. 986.)

In disposing of the seventh assignment of error,—that the court erred in refusing to permit appellant to open and close the argument,—it will be seen by reference to the bill of exceptions on page 42 of the printed record, that there was no exception taken by appellant to the action of the court in refusing to permit counsel for appellant to open and close the argument.

There being no exception preserved, there is nothing for us to consider. Besides, it will be noticed by reference to the answer that the defendant denied the execution of the note as alleged, and that the plaintiff was the owner of the same. Mr. Thompson in his work on Trials, in discussing the right to open and close, in section 228, says: "The English decisions upon this subject being in a state of confusion, a decision was rendered in the queen's bench in the year 1845, which settled previous conflicts and established a rule which furnishes an absolute test for the decision of the question in all ordinary actions between plaintiff and defendant. That rule is this: That where the plaintiff has anything to prove in order to get a verdict, whether in an action ex contractu or ex delicto, and whether to establish his right of action or to fix the amount of his damages, the right to begin and reply belongs to him. This rule has been generally adopted in this country. The unvarying test furnished by this rule is to consider which party would, in the state of the pleadings and the record admissions, get a verdict for substantial damages if the cause were submitted to the jury without any evidence being offered by either. If the plaintiff would succeed, then there is nothing for him to prove at the outset, and the defendant begins and replies. If the defendant would succeed, then there is something for the plaintiff to prove at the outset, and the plaintiff begins and replies."

There is no merit in the appellant's ninth assignment of error, for the reason that the record does not disclose, any ruling of the court upon the motion to quash the writ of garnishment.

The tenth assignment of error—that the court erred in overruling appellant's motion for a new trial—is without merit because no motion for new trial is made a part of the record by a bill of exceptions.

Perceiving no reversible error in the record, the judgment of the court below is affirmed.