### ALASKA JUNEAU GOLD MINING CO. v. LARSON.

(Circuit Court of Appeals, Ninth Circuit.    March 27, 1922.    Rehearing Denied May 8, 1922.)

No. 3815.

Damages ⚙═208(1)—Evidence held to take to jury question of damage to personal property by landslide.

In an action for damages to plaintiff's property by a landslide negligently caused by defendants, where it appeared that the slide carried plaintiff's house 50 feet and buried it in water and mud under a trestle, plaintiff's itemized bill of particulars, admitted without objection, stating the kinds and values of property claimed to have been destroyed, in connection with plaintiff's testimony that it was a correct list, and that the valuation of each item of property was correct, as to which valuation he was not cross-examined, and which was not contradicted by any evidence for defendant, was sufficient to take to the jury the question of damage by reason of the loss of the personal property.

In Error to the District Court of the United States for the District of Alaska, Division No. 1; Robert W. Jennings, Judge.

Action at law by John Larson against the Alaska Juneau Gold Mining Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Hellenthal & Hellenthal, of Juneau, Alaska, for plaintiff in error.
Henry Roden, of Juneau, Alaska, for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

HUNT, Circuit Judge.    The mining company, plaintiff in error, seeks to review a judgment upon a verdict rendered in favor of Larson against the company for damages to certain property by reason of a landslide and water which escaped through the negligence of the company.

The only point presented is whether or not there was sufficient evidence of injury and damage to the personal property to submit to the

⚙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

jury. The evidence is that Larson's house, a 16-room house used for rooming purposes, was carried away by a slide caused by a volume of water; that the house was carried down some 50 feet below a trestle and was buried in water and mud; and that Larson was drawn under a pile of lumber when he tried to get out of the wreck. Without objection a detailed itemized bill of particulars showing kinds and values of property "claimed  *  *  *  to have been destroyed" was admitted in evidence. Larson testified that it was a correct list and contained valuation of each article. The property consisted of household furniture, some jewelry, musical instruments, and $220 in cash. No cross-examination as to the values was had, and the defendant below introduced no evidence upon that point, and requested no instructions as to proof of value or damage to the personal property.

We hold that there was enough evidence to submit to the jury, and that they could infer therefrom that the property enumerated in the bill of particulars was destroyed and damaged to the extent included in the lists in evidence, and that the court was correct in ruling accordingly. Western Home Insurance Co. v. Richardson, 40 Neb. 1, 58 N. W. 600; Pecos & N. T. R. Co. v. Grundy (Tex. Civ. App.) 171 S. W. 318; Wigmore on Evidence, vol. 1, par. 716; Chamberlayne on Evidence, § 2127.

The judgment is affirmed.