**COWEN v. T. J. STEWART LBR. CO. et al.**

No. 23712.   May 19, 1936.

Rehearing Denied June 16, 1936.

Meacham, Meacham & Meacham and A. J. Welch, for plaintiff in error.

Darnell & LaRue, for defendant in error T. J. Stewart Lumber Company.

Keaton, Wells, Johnston & Barnes and R. H. Dunn, for defendant in error Long-Bell Lumber Company.

PHELPS, J. The defendant is a building contractor. He had a contract to build a hotel at Clinton, Okla., to be completed by a certain date. The plaintiff, T. J. Stewart Lumber Company, by its local manager, sold him certain material entering into the construction of the hotel, approximating $21,000 in value. The defendant paid the plaintiff all of said indebtedness except $2,500. The plaintiff then filed this action against the hotel owner and the defendant contractor to foreclose its lien. The lien statement and the itemization attached to the petition, setting forth the items furnished, included rough lumber and other articles and also the millwork for the building. Millwork includes such articles as wooden doors, window sashes, baseboards, etc.

The defendant contractor alleged in his answer that the plaintiff did not furnish the millwork, but that it was furnished by the Long-Bell Lumber Company, in Oklahoma City, and that by reason of the Long-Bell Lumber Company's delay in furnishing the millwork to the defendant he was damaged approximately $5,000. Defendant further alleged that since the total millwork articles amounted to $9,000 and he had paid all of the bill except $2,500, and since the plaintiff had not furnished this millwork, he was entitled to judgment against the Long-Bell Lumber Company for the amount of his damages, less the $2,500 representing the value of the unpaid millwork. He further prayed that the Long-Bell Lumber Company be made a party defendant. Said Long Bell Lumber Company was therefore made a party defendant, the cause proceeded to trial, and verdict and judgment were rendered against the defendant and in favor of plaintiff for the $2,500 due, and the verdict and judgment also found the issues generally in favor of Long-Bell Lumber Company and against the defendant on his cross-petition against that company. The defendant appeals.

The defendant first contends that the verdict is not supported by any competent evidence. In so arguing, the defendant assumes that the testimony of himself and a former salesman of the Long-Bell Lumber Company was uncontradicted. They testified and so did another, that after the defendant contractor obtained the contract a salesman and the assistant manager of the Long-Bell company visited the defendant in Chickasha and there sold him all millwork to be used in the building, to be delivered promptly as needed, for $9,000; that no mention was made of the plaintiff, T. J. Stewart Lumber Company, at that time; that some three weeks later a representative of the Long-Bell company asked defendant whether it would be satisfactory for that company to ship the millwork from its Oklahoma City factory, to the defendant at Clinton, through the plaintiff T. J. Stewart Lumber Company's office and yard at Clinton, and that the defendant agreed provided such did not invalidate his contract with the Long-Bell company. In other words, defendant's evidence was to the effect that he agreed that the Long-Bell company might invoice and bill the millwork through the T. J. Stewart Lumber Company at Clinton, and that the latter company would collect for it for the Long-Bell company, and that therefore he did not owe the unpaid $2,500 to the Stewart company, which was merely the agent of the Long-Bell company, but that he would have owed the $2,500 directly to the Long-Bell company if it had not damaged him in excess thereof.

The defendant so emphasizes his claim that this evidence was undisputed, in his argument that the verdict is unsupported by evidence, that we took occasion to read the record and the evidence in its entirety. We find therein evidence that the defendant had made it known that he desired the Long-Bell company millwork, that the T. J. Stewart Lumber Company did not manufacture millwork, and that the salesman for Long-Bell company, and the assistant manager of the sash and door department of that company, visited the defendant in Chickasha on the occasion concerning which the defendant testified; and said assistant manager testified that he and the salesman visited the defendant to verify the details of the millwork and that it was strictly understood at that time that the Long-Bell company was selling the millwork to the T. J. Stewart Lumber Company. Representatives of the Stewart company testified to facts indicating that that company sold the millwork to the defendant, and that the Long-Bell company did not sell it to the defendant.

During all of the time that the millwork

was being received and used by the defendant he made payments from time to time to the T. J. Stewart Lumber Company on the account as a whole, without requesting apportionment of application thereof between the millwork and the other material. The T. J. Stewart Lumber Company paid the Long-Bell Lumber Company for all of the millwork furnished, and no claim was made known by the defendant, either to the Stewart company or the Long-Bell company, that he intended deducting any portion of the purchase price against his damages, until after all of the material was furnished and the hotel completed. In view of the above and especially by reason of the testimony of the assistant manager of the Long-Bell company to the effect that in the original conference of the parties it was understood that the Long-Bell company was to sell the millwork to the T. J. Stewart Lumber Company, and not directly to the defendant, we cannot say that the defendant's evidence was undisputed. This made an issue of fact for the jury under proper instructions, which were given, and concerning which no complaint is made. We think it unnecessary to relate other facts and conduct of the parties, including that of the defendant, which were inconsistent with defendant's theory, but which the jury probably considered.

It further should be observed that even though the jury believed the contractual relationship to be between the defendant and the Long-Bell Lumber Company, the jury may still have found for the plaintiff because of their belief that the defendant was not damaged. He received the goods. If he was not damaged by any fault of the companies, it would be immaterial which of the companies was the seller. There was some competent evidence offered by the lumber companies, both to the effect that there was no appreciable delay in delivery, and that if there was a delay it was not the cause of defendant's failure to construct the building on time. It may be, too, that the jury declined believing defendant's testimony, or much of it, due to his failure to promptly and satisfactorily respond to the proper questions of his cross-examiners, the record being rather significant in this respect.

The next proposition presents alleged prejudicial errors of the court in rulings upon the evidence. The defendant complains because the court refused to admit into evidence his contract with the building owner, showing the date upon which he was required to complete the hotel. The record re-

veals that the court later admitted the contract into evidence.

The defendant also complains of the court's permitting representatives of the lumber companies to testify that the Long-Bell company sold the millwork to the Stewart company and that the latter company then sold it to the defendant. He further alleges as error the admission of certain invoices of the Long-Bell company, covering the millwork, showing that said millwork was invoiced and billed to the Stewart company.

The defendant says that because the Stewart company was merely the agent of the Long-Bell company, said invoices were self-serving and not binding on the defendant. It may be that such argument would have some force if it were admitted that the Stewart company was the agent of the Long-Bell company, but we must remember that the question of agency itself was one of the issues. Indeed, the right of defendant to recover against the Long-Bell company depended entirely upon whether the Stewart company was agent of that company. If the Stewart company was the agent of the Long-Bell company, the Stewart company would have no right to recover the $2,500 for itself. Thus whether the defendant was dealing with the Stewart company or, on the other hand, with the Long-Bell company, was the first issue for the jury to decide. Therefore any conduct of any of the parties which was either consistent or inconsistent with the existence of agency, directly or circumstantially, was admissible. The lumber companies were entitled to show in evidence any facts and circumstances reasonably negativing the idea of agency. The fact that the Long-Bell company invoiced the material to the Stewart company, and that the latter company then in turn paid the Long-Bell company for the material, was circumstantially, if not directly, in contradiction of the defendant's theory that the Stewart company was merely the agent of the other company. Although the invoicing itself in the name of the Stewart company may possibly have been consistent with the relationship of principal and agent, it was for the jury to say whether the payment in full for the material, by the Stewart company to the Long-Bell company, was consistent with the alleged agency. It is not our office to pass upon controverted questions of fact, but we may observe that ordinarily agents do not pay their principals for the merchandise handled, prior to collection therefor from the purchaser.

Great emphasis is made by the defendant that such evidence was self-serving. All evidence is self-serving at the time it is offered, else it would not be offered. Whether declarations or communications are self-serving is determined as of the time they are made. And though a declaration may be self-serving on one issue, it may have independent relevance on another issue, and for that reason be admissible. The rule of exclusion of self-serving declarations is a branch of the hearsay rule and its application is governed largely by the same tests. The invoices in the present case were not offered as evidence that the material was furnished, for that fact was admitted. They were offered for the purpose of establishing the relationship of the parties, circumstantially, and not as direct evidence of the truth of the subject-matter of the invoices themselves. If it had been denied that the Long-Bell company furnished the articles mentioned in the invoices, then the invoices would not be admissible as evidence that the articles were furnished, for in that respect they would be self-serving. But certainly to whom the Long-Bell company shipped, invoiced, and billed the goods, and who paid the Long-Bell company for the goods, was highly relevant on the issue of whether the Stewart company was buyer, as distinguished from agent for the seller.

The defendant further complains that the court erred in excluding a letter written by an officer of the Stewart Lumber Company to defendant, after filing of the suit. Such exclusion was correct, because the letter contained an offer of compromise. Counsel for defendant then stated, "We offer in evidence the third clause of the letter, leaving out the additional parts," which offer was refused. Though counsel in his brief sets forth the part of the letter which he contends was admissible, he failed to specifically do so for the benefit of the trial court. If by the "third clause" the third paragraph was meant, the exclusion was correct, for that paragraph contained a part of the offer of compromise. If by the "third clause" counsel meant the third sentence of the third paragraph, he should have so stated, or should have read that sentence to the judge in the absence of the jury. It is obvious that a clear and definite offer of evidence must first be made, before it can be said that the trial court erred in refusing its admission. We have no way of determining whether the trial court construed the "third clause" to be that part of the letter which counsel now contends it is, or whether the trial court construed some other part of the letter, or the entire third paragraph, to be the "third clause." In fact, if counsel had not copied verbatim that portion which he contends is the "third clause," we would not have known where to look for it.

Defendant next contends that the court erred in refusing to rule that the burden of proof was upon him, carrying with it the right to open and close the argument. The defendant's answer alleged that he had paid plaintiff for all of the material purchased from plaintiff, that he owed plaintiff nothing, and that the millwork was not bought from plaintiff but from the Long-Bell Lumber Company. The burden of proof was therefore upon plaintiff to prove that defendant bought the millwork from it, rather than from Long-Bell. The right to open and close the argument is in the party having the burden of proof. And where lies the burden of proof is usually determined by this test: Consider which party would, in the state of the pleadings and the record admissions, obtain judgment if the cause were submitted without any evidence being offered by either. If the plaintiff would succeed, then there is nothing for him to prove at the outset, and the defendant has the opening and closing. If the defendant would succeed, then there is something for the plaintiff to prove at the outset, and the plaintiff has the opening and closing. See 26 R. C. L. 1023; Thompson on Trials, sec. 228. Therein lies the difference between this case and the following, cited by defendant: Rennie v. J. I. Case, etc., 94 Okla. 26, 220 P. 626; Choctaw Lumber Co. v. Waldock, 78 Okla. 232, 190 P. 866; syl. 1 of Congdon v. McAlester Carriage, etc., 56 Okla. 201, 155 P. 597.

Still another reason exists why this proposition must fail. Though the defendant claimed the right to open and close, prior to the production of evidence, he failed to except to the court's adverse ruling. Under those circumstances the assignment of error is not reviewable. Craggs v. Bohart, 4 Ind. T. 443, 69 S. W. 931. It further appears that defendant expressly acquiesced in the ruling, for the last words of his counsel on this subject were "Well, all right."

Defendant's fourth proposition is that the trial court abused its discretion in limiting his closing argument to 20 minutes, while at the same time allowing each of the lumber companies 20 minutes. In spite of the wide discretion allowed trial judges in limiting the time of argument in civil cases,

it is apparent that there is some merit to this contention, for the ruling resulted in allowing but 20 minutes to one side of the controversy, while permitting 40 minutes to the other side. While the issues between each of the lumber companies and the defendant were somewhat different, it nevertheless is true that neither of them opposed the other, while both of them opposed the defendant. However, we may not discuss this proposition as fully as it deserves, nor cause the appeal to turn thereon, for it appears that defendant waived this matter, also, by failing to except to the court's ruling thereon. The record reveals that the defendant "requested" that he be given more than 20 minutes' argument, but the recitation concerning a purported exception was ruled out, in ink, presumably by the reporter or the attorneys. That page of the record is likewise numbered in .ink and with pen, instead of by stamping machine as the other pages.

"Objections are addressed to the trial court. Without exception noted, the objecate for review of the ruling of the trial court. Without exception noted, the obiector acquiesces in the ruling of the trial court." Gen. Explosives Co. v. Wilcox, 131 Okla. 190, 268 P. 266.

Rulings of the trial court to which no exceptions are saved will not be reviewed. Rafferty v. Collins, 160 Okla. 63, 15 P. (2d) 600.

The trial court allowed the plaintiff an attorney's fee of $250. No evidence of the value of the service of attorneys appears in the record. It was agreed that this was a court matter and that the evidence could be introduced later. Plaintiff contends that it was introduced, heard, and considered by the court at the hearing of the motion for new trial. Defendant denies this. That being the case, we are guided by the record, which fails to reveal any such evidence at that hearing. Nor could defendant raise this error in his motion for new trial, as contended by plaintiff, for when that motion was filed it does not appear that the matter of attorney's fee had yet been considered by the court. In an action to enforce a materialman's lien the trial court is without authority to render judgment for an attorney's fee without evidence of the value of the attorney's services. Cogswell Lumber Co. v. Foltz, 135 Okla. 242, 275 P. 333, and cases cited.

The judgment in favor of the Long-Bell Lumber Company is affirmed.

Upon the filing of a remittitur of attorney's fee within ten days after this judgment becomes final, the judgment in favor of the T. J. Stewart Lumber Company is affirmed; otherwise, the judgment is affirmed except as to attorney's fee, and is reversed as to said attorney's fee only, and the cause remanded for the further taking of evidence and judgment of the trial court on that issue. The plaintiff in error will pay the costs of this appeal.

OSBORN, V. C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.