W. A. GREGORY, d/b/a Gregg's Welding, Appellant,

v.

Joe H. PADILLA, Appellee.

No. 238.

Supreme Court of Alaska.

March 26, 1963.

John M. Savage of Irvine, Clark & Savage, Anchorage, for appellant.

M. Ashley Dickerson, Anchorage, for appellee.

Before NESBETT, Chief Justice, and DIMOND and AREND, Justices.

AREND, Justice.

This is an action in claim and delivery brought by the plaintiff Padilla against the defendant Gregory to recover possession of certain personal property consisting of equipment used by the plaintiff as a mechanic in the repair of automobiles.

The plaintiff alleged that the property was being wrongfully detained and used by the defendant and prayed judgment for its return, or $4,000 as the value thereof, and $5,000 in damages for its retention. The defendant did not deny that the plaintiff was the owner of all the equipment in question, but denied the remainder of the plaintiff's allegations and made a counterclaim for sums owed him by the plaintiff, totalling $1,000. Immediately after the commencement of the action the plaintiff secured possession of much of his equipment by virtue of an undertaking for claim and delivery. From a verdict and

judgment for the plaintiff, the defendant prosecutes this appeal.

■ At the close of the plaintiff's evidence, the defendant moved for a directed verdict on the ground that plaintiff had failed to establish a prima facie case on the issue of damages. He argued to the trial court that the true measure of damages for the items of equipment, which were never recovered by the plaintiff, was their fair market value, whereas the plaintiff had offered only evidence of replacement value. In like manner the defendant contended that the true measure of damages for the loss of use by the plaintiff of the items recovered was the net usable market value and not the "purely speculative" values testified to by the plaintiff. The court's action in denying the motion is the first error specified by the defendant.

The plaintiff alone testified as to values. On cross examination, he stated that the values he placed upon a few of the items were replacement values, but many others were below replacement value and in one case the actual value was more than the replacement value. This equipment was all familiar to the plaintiff as he had purchased it himself and was using it in his trade in the Anchorage area. Before giving his own opinion as to the reasonable daily rental value of each item, the plaintiff explained that many of the items were not available at Anchorage for rental on an individual basis but could only be had by renting an entire shop equipped with the items needed.[1]

■■ The defendant interposed no objection to any of this value testimony. That fact alone would have precluded him from challenging the competency of the evidence on the motion for a directed verdict or on appeal. Incompetent testimony, which is otherwise relevant as this was, admitted without objection, has the force and effect of competent evidence.[2] And this evidence was not only competent, it was also sufficient to preclude the granting of a directed verdict on the question of damages.[3]

■ Furthermore, as owner of the equipment, the plaintiff was qualified to express an opinion at least as to the value of the property, if not as to its use value, the rule being that an owner's opinion of the value of his property is competent even though it may not be very persuasive.[4] Under the circumstances the court did not err in denying the motion for a directed verdict.

■ Shortly before the plaintiff finished testifying in chief, the court admitted into evidence, over objection by defendant, a document marked "Plaintiff's Exhibit 5." This was an inventory prepared by the plaintiff on December 8, 1959 (about a year before the controversy resulting in this law suit arose) of various items of equipment purchased by him for use in his trade. It included not only the items listed in the complaint but others not here involved.

1. The plaintiff volunteered to give "an approximate guess" on what the rental value would be on all of his equipment installed in a shop, but just then the court declared a short recess and the subject was never pursued further.

2. Cannady's Used Cars v. Dowling, 221 Miss. 293, 72 So.2d 696, 44 A.L.R.2d 1053 (1954); Hanns v. Friedly, 181 Or. 631, 184 P.2d 855, 860 (1947). Compare State v. Vella, 213 Or. 386, 323 P.2d 941, 946 (1958). See also Jefferson v. City of Anchorage, Opinion No. 101, 374 P.2d 241, 243 (Alaska 1962).

3. See Moore, Federal Practice para. 50.-02 [1] and particularly n. 6 at 2314, interpreting directed verdicts under the federal rule identical with our Civ.R. 50(a).

4. Alaska Juneau Gold Mining Co. v. Larson, 5 Alaska Fed. 108, 279 F. 420 (9th Cir. 1922); Shotwell v. Bloom, 60 Cal. App.2d 303, 140 P.2d 728, 735 (1943); Brenneisen v. Phillips, 142 Kan. 98, 45 P.2d 867, 868 (1935); Harding v. H. F. Johnson, Inc., 126 Mont. 70, 244 P.2d 111, 118 (1952); Shikany v. Salt Creek Transp. Co., 48 Wyo. 190, 45 P.2d 645, 650-652 (1935); 3 Wigmore, Evidence § 716, at 48 (3d Ed. 1940).

Opposite each item appeared the valuation placed thereon. The plaintiff testified that these values were taken from inventories furnished him by the parties from whom he purchased the items in 1958, and that they are the same as the values alleged in this action. The prior inventories from which exhibit 5 was prepared were no longer in existence at the time of the trial.

As grounds for his objection to the admission of exhibit 5, the defendant stated to the trial court:

> The document is self serving * * * it is in contradiction to what the plaintiff has testified to heretofore, and that it contains items that are not included in the action for claim and delivery.

Upon cross-examination the plaintiff admitted exhibit 5 was prepared by him from inventory lists given to him by the prior owners of the equipment. Thereupon the defendant moved that the exhibit be stricken for the reasons that "it's not the best evidence, it's self-serving, it's made up from other documents not in evidence that would be the best evidence." The motion was denied.

While the defendant specifies as prejudicial error the admission of exhibit 5 into evidence on the grounds that it was "at best a self-serving statement, based on hearsay, contradictory to the appellee's [plaintiff's] prior testimony and not the best evidence," in his brief he does not seem to place any reliance upon the claim that exhibit 5 was contrary to the plaintiff's prior testimony. He cites us to no authority in support of this specification of error, nor does he show how he was prejudiced by the admission of the document.

A declaration can be said to be self-serving only if it had that characteristic at the time it was made,[5] the purpose of the rule excluding self-serving declarations being to prevent the manufacturing of evidence.[6] So, a statement, oral or written, made by a party at a time when no motive to misrepresent existed, would not be inadmissible as a self-serving declaration.[7]

Since exhibit 5 was prepared by the plaintiff as an inventory of his equipment, with valuations, on December 8, 1959, and since he had no dealings whatsoever with the defendant concerning the equipment until March, 1960, not to mention the fact that he had no intimation when he prepared the inventory that he would someday be involved in a law suit over that equipment, we find that in keeping with the principles of law above stated it was not error to admit the inventory as evidence in this case. Even if we were to hold that the trial court committed error in receiving the inventory, such error would not have been prejudicial to the defendant because there was other direct evidence as to the same value of items of equipment as to which the inventory had been admitted.[8]

With respect to his statement that exhibit 5 was not the best evidence and was hearsay, the defendant not only failed to cite us to any authority in support of these two propositions or point out wherein he was prejudiced by admission of the document, but he has not even advanced in his brief what could be reasonably taken for an argument such as is called for by Supreme Ct.R. 11(a) (8).[9] Accordingly, we

5. Cowen v. T. J. Stewart Lumber Co., 177 Okl. 266, 58 P.2d 573, 576, 577 (1936).

6. See Hahn v. United States, 123 F.Supp. 767, 770 (S.D.Ohio 1954).

7. United States v. Northwest Airlines, Inc., 69 F.Supp. 482, 487 (D.Minn.1946); Wilkinson v. Phoenix Ry. Co., 28 Ariz. 216, 236 P. 704, 707–708 (1925); Lebrun v. Boston & M. R. R., 83 N.H. 293, 142 A. 128, 131–132 (1928); De Beque v. Ligon, 286 S.W. 749, 757 (Civ.App.Tex.

1926), rev'd on other grounds, 292 S.W. 157 (Com.App.Tex.1927); Green v. Fuller, 159 Wash. 691, 294 P. 1037, 1038 (1930).

8. See McCurtain Cotton Oil Co. v. Guthrie, 146 Okl. 144, 294 P. 133, 135 (1930).

9. Supreme Ct.R. 11(a) (8) cited in the text above provides as follows:
"The argument, stating clearly the points of fact and of law being discussed, with reference to the pages of the record

need not consider these two claims of the defendant.[10]

The defendant next contends that the complaint contains a prayer for punitive damages and therefore the trial court committed prejudicial error by instructing and permitting the jury to take the pleadings to the jury room,[11] without at the same time giving an instruction on punitive damages and cautioning the jury that the pleadings were not evidence or to be regarded as such. The instruction here under attack is No. 12, which provided as follows:

"The plaintiff in this action has alleged ownership of property now retained by defendant and has asked damages for the retention according to his complaint which you will take with you to the jury room. Defendant denies plaintiff's complaint and counterclaims for money which defendant says plaintiff owes him as set forth in defendant's answer and counterclaim which you will take with you to the jury room. Plaintiff denies defendant's counterclaim in plaintiff's 'Reply' which you will take with you to the jury room."

■ The defendant did not object below to instruction No. 12 or otherwise challenge the sending of the pleadings to the jury room. Nor did he request any precautionary instruction. In the absence of a proper objection taken below, the instruction will not be reviewed by this court un-

less it appears that a miscarriage of justice may occur.[12]

■ The words in the prayer to which the defendant is evidently objecting are: "and the sum of Five Thousand Dollars as damages for the detention of same and deprivation of use and loss of business because of same." We cannot read into those words a request for punitive damages. They are merely a rephrasing, with greater specificity, of that portion of section 55–9–43 ACLA 1949 which declares that in a claim and delivery action the judgment may, in addition to providing for the recovery of possession of the property or the value thereof by the plaintiff, allow "damages for the detention thereof." In his brief the defendant concedes that in this type of action the jury may assess damages for the usable value of the goods detained during the period of detention.

As for the lack of a precautionary instruction, even if the defendant had properly raised the issue below, we would have to hold against him. At least three times in the course of his instructions the trial judge warned the jurors that in arriving at a verdict they were to consider only the evidence in the case and such reasonable inferences as might be drawn therefrom. He also enumerated for them the various things which were included in the term "evidence" as it applied to this case, without ever mentioning the complaint or other pleadings.

and authorities relied upon in support of each point. When a statute, regulation, ordinance, or opinion is cited, so much thereof as may be deemed necessary to the decision of the case shall be set out verbatim, either at this point, or if the matter quoted is lengthy, in an appendix."

10. Pollastrine v. Severance, Opinion No. 108, 375 P.2d 528, 531 (Alaska 1962); Parks v. Brown, Opinion No. 57, 368 P.2d 220, 222 (Alaska 1962).

11. At the time of the trial of this case, it was provided by statute in Alaska (section 55–7–68 ACLA 1949) that "upon retiring for deliberation the jury may take with them the pleadings in the cause * * *" The statute was repealed, effective January 1, 1963 (SLA

1962, ch. 101, § 31.02), and is now in effect superseded by Civ.R. 48(g) which makes no provision for sending the pleadings to the jury but reads: "Upon retiring for deliberation the jury shall take with it any exhibits, except depositions, that have been introduced into evidence which the court deems proper."

12. Civ.R. 51 [now 51(a)] provides in part: "No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." See also Reiten v. Hendricks, Opinion No. 68, 370 P.2d 166, 169 (Alaska 1962).

Nothing further was required by way of a precautionary instruction under the facts and circumstances of this case.

The defendant also claims prejudicial error in the giving of instruction No. 18 which we have set forth in the margin.[13] In voicing his objection below to this instruction, he insisted that it was redundant and confusing since an earlier instruction, No. 14,[14] had correctly informed the jury on the subject of value. He specifically objected to that portion of instruction No. 18 which states that, even though such usable value exceeds the value of the property, such usable value will constitute the measure of damages; and he then insisted that this objectionable portion of the instruction could only create confusion in the minds of the jury when read by them in conjunction with instruction No. 14 which admonished them that "in determining the value of the use you [the jury] shall not set an amount all out of proportion to the fair market value of the goods themselves."

We agree with the defendant that instruction No. 14 is a correct statement of the law on allowance of damages in a claim and delivery action for property never returned as well for property detained and later returned.[15] However, we cannot agree with the defendant that instruction No. 18 has a tendency to create confusion in the minds of a jury. On the contrary, it complements instruction No. 14 by properly pointing out that usable value may exceed actual value.[16] To say that the use value of an item may exceed the value of the item does not in our opinion confound a concurrent statement that the use value may not be fixed at an amount all out of proportion to the fair market value of the item itself. We find no error in the giving of the instruction in question.[17]

At the conclusion of the trial the defendant asked the court to require the

13. Instruction No. 18: "Where the property has a value for use, or usable value, which exceeds the amount represented by the lawful rate of interest, or where the interest would be inadequate compensation, the prevailing party is entitled * * * [sic] to the usable value of the proprty, estimated by the ordinary market price of the use of such property, even though such usable value exceeds the value of the property and such usable value will constitute the measure of damages. The fact that other property was not hired to take the place of the property wrongfully detained will not alter the rule allowing the recovery of the usable value, nor is it material that the property in question was never rented, or has been previously used by the owner for pleasure purposes only."

14. Instruction No. 14 reads as follows: "In assessing damages for the plaintiff in this action if you should reach this point in this case you are instructed that the measure of damages for those items not returned to the plaintiff is the fair market value of those items at the time of conversion, plus 8% interest to the date of your verdict in this case. You are further instructed that the measure of damages the plaintiff would be entitled to for the wrongful detention of

his chattels that were returned if they were wrongfully detained is the net usable value of these goods during the period of detention. In determining the value of the use you shall not set an amount all out of proportion to the fair market value of the goods themselves. In arriving at a figure for damages if you need to, you are further instructed that damages must be based on actual losses and may not be determined from evidence which is speculative in character, an estimation or a guess."

15. See La Vie v. Crosby, 43 Or. 612, 74 P. 220 (1903), based on a statute identical with section 55-9-43 ACLA 1949; Giannini v. Wilson, 43 N.M. 460, 95 P.2d 209, 214 (1939); Hoff v. Lester, 25 Wash.2d 86, 168 P.2d 409, 415-416, 164 A.L.R. 751 (1946); Annot., 36 A.L.R. 2d 337, 404-408, §§ 39-40 (1954).

16. See Steel Motor Service, Inc. v. Zalke, 212 F.2d 856, 859-860 (6th Cir. 1954), 48 A.L.R.2d 1045, citing decisions from state jurisdictions.

17. In his brief the defendant urges upon us two additional grounds for holding instruction No. 18 to have been given in error. This court must refuse to consider this specification for the same reasons set forth in n. 10, supra.

jury to specify in their verdict the separate value of each article the possession of which they might find to have been detained by the defendant. The request was granted and a special form of verdict, submitted by the defendant with his request, was handed to the jury as follows:

"We, the jury, duly impanelled, find for the plaintiff on his complaint in the sum of $————.

"We, the jury, duly impanelled, find for the defendant on his counterclaim in the sum of $————.

"We, the jury, duly impanelled, find the value of plaintiff's property not returned to be as follows:

(List of property claimed by
 plaintiff not returned)

———————————————————

———————————————————

———————————————————

———————————————————

"We, the jury, duly impanelled, find the usable value of the plaintiff's property during any period of wrongful detention to be:

(List of property returned)

———————————————————

———————————————————

———————————————————

———————————————————

\* \* \*"

The jury returned its verdict, finding for the plaintiff on his complaint in the sum of "$4000.00" and for the defendant on his counterclaim "nothing," but wholly failing to answer the special interrogatories as to the separate value of each item of equipment as called for in the verdict form. This omission on the part of the jury is assigned as error by the defendant.

By Civ.R. 49(b) in this jurisdiction "the court may submit to the jury, together with appropriate forms for a general verdict, written interrogatories upon one or more issues of fact the decision of which is necessary to a verdict" and "shall give such explanation or instruction as may be necessary to enable the jury both to make answers to the interrogatories and to render a general verdict." Upon request of the defendant in the instant case, the trial court apparently exercised its discretion in the matter and submitted the form of verdict set forth above. The record does not disclose that any instruction or explanation was requested by the defendant to be given to the jury regarding the interrogatories as required by Civ.R. 49(b); and none was given. The form of verdict submitted does not even provide space for listing all of the items sought to be recovered, although the jury was given "some extra paper on the verdict form" at the defendant's request but without any instructions as to the use they were to make of the paper.

In such a state of affairs the jury might well and rightly have considered that it had performed its duty when it determined the overall damages in favor of the plaintiff and set down the amount thereof in the verdict, and found "nothing" for the defendant. As laymen they could not

have been expected to know the significance of the remainder of the matters appearing on the verdict form without some guidance or explanation from the court. We hold that it was incumbent upon the defendant to see that the court gave the instruction required by the rule.[18]

As his last specification of error, the defendant alleges that the verdict based on the evidence most favorable to the appellee was grossly excessive and therefore the trial court should have exercised its discretion and ordered a new trial. In his brief he points out that by the plaintiff's own reckoning the highest value of the items of equipment never returned was $1,065 and the highest value of the items returned, $2,935.[19] The plaintiff concludes that "a verdict in the vicinity of $2,000.00 would appear to be the top figure for a verdict which would be sustainable disregarding the other defects in the plaintiff's best evidence."

If we assume that the jury did accept the plaintiff's top figure of $1,065 as the value of the items not returned, then they very likely fixed the use value of the items returned at $2,935 to arrive at an overall verdict of $4,000 for the plaintiff. The record reveals that the plaintiff was the only witness who testified concerning use value (in terms of daily rental value) of each item returned and that his testimony as to the detention of the latter items by the defendant for a period of 120 days was undisputed by any other evidence. According to the plaintiff's uncontradicted testimony the daily use value of all the items returned appears to have totalled $64.50. This figure multiplied by 120 days gives a total of $7,740, which the jury evidently reduced to $2,935.

..While the plaintiff's testimony as to use value may not have been as definite and certain as the defendant may have liked to see, we believe that in this case it was the best evidence available and furnished the jury a reasonable basis for estimating the damages which the plaintiff had sustained.[20] We find that the damages assessed by the jury were not so clearly excessive as to call for a new trial.[21]

As we find no error in the record, the judgment is affirmed.

18. See Johnson v. Fraser, 2 Idaho 404, 18 P. 48, 50–51 (1888); Eoff v. Alexander, 62 Okl. 12, 161 P. 807 (1916).

19. From the figure of $2,935 as the plaintiff's value of the items returned should be deducted $75, the value of a bench grinder which he inadvertently listed in the complaint as one of the items left with the defendant. This would reduce to $2,860 the total value of the items returned.

20. See Jackson v. McDonald, 115 Mont. 269, 143 P.2d 898, 902 (1943).

21. Compare Prentice v. Zumwalt, 124 Cal.App. 646, 13 P.2d 379, 382 (1932); Joy v. Giglio, 208 Okl. 50, 254 P.2d 351, 353 (1953).