**MAKAH INDIAN TRIBE et al. v. MOORE.**

**No. 2161.**

United States District Court
W. D. Washington, N. D.

Sept. 23, 1950.

J. Duane Vance and Bassett & Geisness, all of Seattle, Wash., for plaintiffs.

Smith Troy, Attorney General, T. H. Little, Assistant Attorney General, for defendant.

HALL, District Judge.

On December 30, 1949 the Honorable Lloyd L. Black, having theretofore tried the above-entitled case, announced his decision against the plaintiffs and for the defendant in an extended oral opinion. The opinion was transcribed by the reporter, copies given to counsel, and one copy was placed in the clerk's file. No formal findings of fact or conclusions of law or judgment were ever submitted to Judge Black, and consequently none were ever signed or filed before his sudden and untimely death on August 23, 1950.

The plaintiffs filed a motion for new trial under Fed.Rules Civ.Proc., rule 63, 28 U.S.C.A., on the ground that no findings of fact or conclusions of law were filed, and that thus there was no power existing in any other judge to sign the formal judgment in accordance with the decision announced by Judge Black.

The questions are whether or not the undersigned judge,[1] to whom the case has been formally and regularly transferred, has the power to perform the duty of signing the formal judgment in accordance

1. duly and regularly assigned to sit and hold court in this district pursuant to the orders of Chief Judge William Denman of the Ninth Circuit dated August 4, 1950 and of Acting Chief Judge Clifton Mathews dated September 15, 1950, as provided by 28 U.S.C.A. § 292(b).

with the announced decision of Judge Black; and if that is resolved in the affirmative, then whether or not the undersigned should do so in the exercise of sound judicial discretion.

Rule 63, Fed.Rules Civ.Proc., reads as follows:

"If by reason of death * * * a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge regularly sitting in or. assigned to the court in which the action was tried may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial."

Rule 63 must be read in conjunction with Fed.Rules Civ.Proc., rule 52, which: requires · that " * * * the court shall find the facts specially and state separately its conclusions of law thereon and · direct the· entry of the appropriate judgment;" and also provides that "If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein."

It was decided by Judge St. Sure of the Northern District of California in Ten-O-Win Amusement Co. v. Casino Theatre, D.C.1942, 2 F.R.D. 242, that the provisions of rule 63 mandatorily required the signing of findings of fact and ·conclusions of law by the judge who tried the case, before any power vested in another judge to sign the judgment. But that case is clearly distinguishable for the reason that the portion of rule 52 which permits an opinion or memorandum to stand instead of findings of fact and conclusions of law

did not appear therein in 1942 at the time of his decision. It was not added until 1947 and did not ˉbecome effective until the early part of 1948. Moreover, the trial judge who had died had not rendered an opinion or memorandum but had merely entered a minute order directing judgment "upon the filing of approved findings of fact and conclusions of law."

No case involving the precise question decided by the appellate courts has been called to my attention or has been found on independent research.[2] But there have been many cases in the appellate courts where the sufficiency of a memorandum or opinion. has been challenged as not being findings of fact and conclusions of law in. compliance with the rule. In Kelley v. Everglades Drainage Dist., 319 U.S. 415, 63 S.Ct. 1141, 1145, 87 L.Ed. 1485, the Supreme Court held the findings were not sufficient but said:

"Nor do we intimate that findings must be made on all of the enumerated matters or ˉneed be made on no others; the nature of the evidentiary findings sufficient and appropriate to support the court's decisioń as to fairness or unfairness is for the trial court to determine in the first instance in the light of the circumstances of the particular case. We hold only that there must be findings, stated either in the court's opinion or separately, which are sufficient to indicate the factual basis for the ultimate conclusion."

In Burnham Chemical Co. v. Borax Consolidated, 1948, 170 F.2d 569, 574, the 9th Circuit had the following to say:

"Appellant asserts prejudice because the court did not make and enter findings of fact and conclusions of law, claiming that the judgment may not stand without the support of one or the other. * * * The opinion here provides a clear understand-

**2.** In the Petition of Garcia, D.C.W.D.Pa. 1946, 65 F.Supp. 143, Judge Gourley disposed of a naturalization matter after the death of the judge who had not made formal findings and conclusions; and in The Del-Mar-Va., D.C.E.D.Va.1944, 56 F.Supp. 743, Judge Wyche disposed of the admiralty matter there involved by signing formal findings and decree after the death of Judge Way, who had not done so but had filed an informal memorandum. It is noted that Admiralty Rule 46½, 28 U.S.C.A., requiring findings does not have the provision therein which is found in Fed.Rules Civ.Proc., rule 52, permitting an opinion or memorandum to stand instead of findings and conclusions.

ing of the basis of the decision below, and the absence of findings of fact and conclusions of law is not sufficient to justify a reversal in this case."

The court there cited with approval the 3rd Circuit case of Hazeltine Corporation v. General Motors Corporation, 131 F.2d 34, where Judge Goodrich collected in a foot note the applicable authorities. To the same effect are Carter Coal Co. v. Litz, 4 Cir., 140 F.2d 934; Smith v. Dental Products Co., 7 Cir., 168 F.2d 516, and American Can Co. v. M. J. B. Co., D.C., 52 F.2d 904, where the court held that an opinion was sufficient to stand for findings of fact and conclusions of law if it contained a "statement of the essential facts and applicable rules of law, indicating the grounds of the decision".

From the foregoing it is apparent that the opinion of Judge Black is sufficient to stand for formal findings of fact and conclusions of law if it indicates "the factual basis for the ultimate conclusion" and if it "provides a clear understanding of the basis of the decision."

I have carefully examined the pleadings, the briefs of the parties, and the opinion of Judge Black. His decision contains a statement of the essential ultimate facts in dispute and the applicable rules of law so that it more than amply indicates and provides a clear understanding of the factual basis and legal reasons for his decision that the plaintiffs should not prevail and that the defendant should. While no transcript of evidence was made it is not necessary to have one for the reason that findings should cover the ultimate facts and not be labored with evidentiary matters and theories of the lawyers. In re Imperial Irrigation District, D.C.S.D.Cal. 1941, 38 F.Supp. 770; Louisville Taxicab & Transfer Co. v. Yellow Cab Transit Co., D.C.W.D.Ky.1944, 58 F.Supp. 950; Parker v. St. Sure, 9 Cir., 1931, 53 F.2d 706. In view of the foregoing, I conclude that in this case the undersigned judge has the power under rule 63 to perform the duty of signing the formal judgment.

For the same reasons I also conclude that in the exercise of the discretion conferred by the last clause of rule 63 it is appropriate and proper that I should sign the judgment.

It is unnecessary that I also sign the submitted findings and conclusions. In fact it would be improper for me to do so as Judge Black was the one who heard the evidence and saw the witnesses and the exhibits. It is and was his decision. Giffin v. Vought, 2 Cir., 1949, 175 F.2d 186. My only function is to determine whether or not the power exists and if I should exercise it by signing the judgment, which I am doing concurrently herewith.