**J. B. POLLASTRINE, Appellant,**

v.

**Marjorie SEVERANCE, Appellee.**

**No. 141.**

Supreme Court of Alaska.

Oct. 3, 1962.

Rehearing Denied Nov. 7, 1962.

Julian C. Rice, of Rice & Emmal, Fairbanks, for appellant.

T. N. Gore, Jr., Fairbanks, for appellee.

Before NESBETT, C. J., DIMOND, J., and RABINOWITZ, Superior Court Judge.

RABINOWITZ, Superior Court Judge.

The principal issue raised in this appeal involves construction of Rules 52(a) and 63(c) of the Rules of Civil Procedure.

On November 9, 1955 appellee, a purchaser under an executory contract, filed a two count complaint against appellant seeking immediate possession of the subject real property and improvements thereon together with the rents and profits therefrom; an accounting from appellant relative to the subject property; and reductions from the

balance owing by appellee to appellant on the purchase price for the subject premises.

On December 1, 2, 3, 4 and 5, 1958 trial was had to the court without jury. On the fourth day of trial, at the conclusion of the evidence pertaining to count I of appellee's complaint, the trial judge rendered an oral opinion. The trial was then continued to December 5, 1958, on which date, after conclusion of the evidence as to count II of the complaint, the trial judge rendered a second oral opinion. A transcript of the trial judge's oral opinions was filed in this cause on August 22, 1959.

Thereafter, on November 16, 1959, in accordance with the trial judge's oral opinions, respective counsel stipulated for the appointment of a master. The master filed his report on February 5, 1960. On April 18, 1961 the successor superior court judge filed findings of fact and conclusions of law as well as a decree in this cause.[1]

Appellant in his first specification of error contends that the successor superior court judge erred in signing the April 18, 1961 findings of fact, conclusions of law and decree on the basis of the transcribed oral opinions of the trial judge. Rules 52 (a) and 63(c) of the Rules of Civil Procedure are pertinent to the resolution of the issues raised under appellant's first specification of error.[2]

■ The initial question to be resolved under appellant's first specification of error is whether the termination of the interim United States District Court for the District (Territory) of Alaska and the trial judge's office thereunder is a "disability" within the provisions of civil rule 63(c).[3] Under the circumstances of this case we hold that a disability, within the provisions of civil rule 63(c), existed on the part of the trial judge to perform those remaining

1. On March 9, 1960 the successor trial judge entered an order which reads in part as follows:
   "I find that the transcript of decision filed herein by said preceding judge contains findings of fact and conclusions of law as provided for in Rule 52(a), Alaska Civil Rules of Procedure, on all matters involved herein for which findings and conclusions are necessary * * *.
   "I further find that Judgment herein can be entered without prejudice to any party by reason of disability of the preceding judge, such Judgment to be in accord with the findings of the aforementioned transcript of decision and all findings * * * of said Master consistent therewith * * *.
   "Let Findings of Fact and Conclusions of Law and Judgment be drawn consistent with the foregoing and the transcript of decision on file herein."

2. Civ.R. 52(a) provides that:
   "In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment * * *. If an opinion or memorandum of decision is filed, it will be sufficient if the findings of fact and conclusions of law appear therein. * * * *" Rule 52(a), Fed. R.Civ.P., 28 U.S.C.A., in effect at the

time of the trial in this cause, is identical to Civ.R. 52(a).
   Civ.R. 63(c) provides that:
   "If by reason of death, sickness or other disability, a judge before whom an action has been tried is unable to perform the duties to be performed by the court under these rules after a verdict is returned or findings of fact and conclusions of law are filed, then any other judge of the court, assigned by the presiding judge of the judicial district where the action has been tried or by the chief justice of the supreme court, may perform those duties; but if such other judge is satisfied that he cannot perform those duties because he did not preside at the trial or for any other reason, he may in his discretion grant a new trial." Civ.R. 63(c) is identical to Fed. R.Civ.P. 63.

3. "The Supreme Court of Alaska assumed its jurisdiction on October 5, 1959. The remainder of the state courts assumed their exclusive jurisdiction on February 20, 1960. The newly created United States District Court for the District of Alaska assumed its exclusively federal jurisdiction on February 20, 1960 and the interim United States District Court for the District (Territory) of Alaska, which had exercised both federal and state jurisdiction, went out of existence on that date." Hobbs v. State, 359 P.2d 956, 958–959 (Alaska 1961).

duties which were required to be performed by him in this cause.

The second question to be determined under appellant's first specification of error is whether the successor superior court judge had authority to file the findings of fact and conclusions of law which were filed on April 18, 1961.[4] Civil rule 63(c) is unambiguous. A successor judge under the provisions of civil rule 63(c) may perform such remaining duties as are necessary to be performed after findings of fact and conclusions of law have been filed in the cause. We hold that the successor superior court trial judge did not have authority to file the April 18, 1961 findings of fact and conclusions of law in light of the record in this case.[5]

The third question to be resolved under appellant's first specification of error is whether the successor superior court judge had authority to file the April 18, 1961 decree. The two oral opinions of the trial judge are comprehensive and yet particularized to a degree sufficient to indicate the factual basis for the trial judge's ultimate conclusion that appellee should prevail.[6] We therefore hold that the filing on August 22, 1959 of the transcript of the trial judge's oral opinions satisfies the requirement of filed findings of fact and conclusions of law under civil rule 63(c).[7] In view of the foregoing it is concluded that the successor superior court judge had authority to file the April 18, 1961 decree in this cause.

Appellant in his second specification of error contends that the successor superior court judge erred in decreeing appellee the owner in fee simple of the subject premises.[8] We agree with appellant that this aspect of the decree is erroneous. In short the contract in question was executory. In Seguin v. Maloney, 198 Or. 272, 253 P.2d 252, 256 P.2d 514, 35 A.L.R.2d 1412 (1953) the court states at page 258 of its opinion:

"A contract to purchase land, so long as any portion thereof remains unpaid, is in effect executory and conveys in law no title to the land, the legal title remaining in the vendor, together with all rights incident thereto, he being only under the duty to convey the legal title upon full compliance with the terms of the agreement by the vendee. 55 Am.Jur. 781, Vendor and Purchaser, § 355. The rule in equity is that the legal title remains in the vendor as trustee to be conveyed to the vendee upon payment of the full purchase price. Sievers v. Brown, 34 Or. 454, 56 P. 171, 45 L.R.A. 642; Reid v. Kier, supra [175 Or. 192, 152 P.2d 417]. It is seen that neither in law nor in equity does the legal title pass to the purchaser so long as the contract remains executory."

4. This case was transferred from the interim United States District Court for the District (Territory) of Alaska to the Superior Court of the State of Alaska. See Hobbs v. State, supra note 3, 359 P.2d at 958–963.

5. Giffin v. Vought, 175 F.2d 186, 189 (2d Cir. 1949); Makah Indian Tribe v. Moore, 93 F.Supp. 105, 107 (W.D.Wash. 1950), rev'd on other grounds, 9 Cir., 192 F.2d 224.

6. Makah Indian Tribe v. Moore, supra note 5, 93 F.Supp. at 107; 5 Moore, Federal Practice, para. 52.05 [1], at 2643, 2644 (2d ed. 1951).

7. Inherent in this conclusion is our further holding that the transcript of the trial judge's oral opinions meets the requirements of Rule 52(a), Fed.R.Civ.P. See the authorities discussed in Makah Indian Tribe v. Moore, supra notes 5 and 6, 93 F.Supp. at 106 and 107.

8. The decree entered by the successor superior court judge on April 18, 1961 reads in part as follows:

"It is Ordered, Adjudged and Decreed that plaintiff is the owner in fee simple of the property situate in the Fairbanks Recording District, State of Alaska, described as follows:

" * * * Subject only to the lien of defendant for the unpaid balance of the purchase price thereof in the amount of $4,038.32, together with interest thereon at the rate of 8% per annum from December 1, 1958, until paid."

The trial judge in his oral opinions concluded that appellee was "entitled to strict performance of that contract as prayed, and it may be so decreed."[9] In view of the foregoing we hold it was error to decree that appellee was the owner in fee simple of the premises in question.

■■ As to appellant's four remaining specifications of error we have concluded that none has any merit. Appellant in his third specification of error contends that error was committed in not considering the fact that the contract of sale in question was under seal and in permitting an undisclosed principal to sue upon a sealed instrument. A review of the record discloses that this issue was not raised by appellant in the proceeding below and therefore will

not be considered on this appeal.[10] As to appellant's fourth specification of error we can find no merit in the same. In his sixth specification of error appellant contends that the decree is not in accord with the weight of the evidence. The testimony was conflicting and the result turned upon the trial judge's evaluation of demeanor testimony. We find there is ample evidence to sustain the trial judge's conclusion relieving appellee from strict forfeiture of the real estate contract in question.[11]

■ Appellant's fifth specification has not been argued in his brief and therefore will not be considered.[12]

The decree is modified in accordance with this opinion, and as so modified is affirmed.

9. It should be noted that the contract in question reads in its pertinent portions as follows:
"It is further agreed that, in order to carry out the terms of this Agreement, seller shall, upon completion of payment hereunder, make, execute, and deliver to buyer a good and sufficient warranty deed conveying said property to buyer upon the fulfillment by * * * [her] of all the terms, covenants, and agreements herein contained, but not otherwise."

10. Smith v. Sellar, 371 P.2d 809, 810 (Alaska 1962); Brown v. Music Inc., 359 P.2d 295, 300–301 (Alaska 1961).

11. Nordin v. Zimmer, 373 P.2d 738, 741–742 (Alaska 1962); Land Development, Inc. v. Padgett, 369 P.2d 888 (Alaska 1962).

12. Parks v. Brown, 368 P.2d 220, 222 (Alaska 1962); Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961).