Robert W. HAMILTON, Sr., and Robert W. Hamilton, Jr., Appellants,

v.

Robert G. LOTTO, Appellee.

No. 524.

Supreme Court of Alaska.

Jan. 4, 1965.

George B. McNabb, Jr., Fairbanks, for appellants.

No appearance for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This action involves appellee's claim for unpaid wages. We had the case before us earlier this year.[1] At that time we remanded the case for the purpose of having the trial court make findings of fact suffi-cient to indicate the basis for the ulti-mate conclusion that it had reached. We had been unable to understand from the court's findings how it had determined that appellee was entitled to recover only $1,800 in wages, when from other findings made by the court it was evident that if appellee was entitled to anything it was $2,550.80. In remanding the case we also stated that if adequate findings could not be made, a new trial should be granted.

On remand the trial court amended its findings of fact. The amended findings which are pertinent to this appeal are as follows:

"That the Plaintiff worked six (6) days per week, excluding Sundays, be-tween January 1, 1960 and June 13, 1960, amounting to 141 working days for which Plaintiff was to receive com-pensation at the rate of $30.00 per day.

"That the Plaintiff received $1,679.-20 as partial payment for the 141 work days above referred to, leaving a blance [sic] of $2,550.80 wages due to Plaintiff.

"The court could infer that the Plaintiff is entitled to the full amount that he testified to, to wit: $4,230.00, less $1,679.20, leaving the balance of $2,550.80; but the Plaintiff had a duty to look after his rights to his salary; that the Plaintiff let this go for longer than six (6) months, knowing the in-definiteness of his arrangements with the Defendants as to when he was going to be paid.

"The Court finds that the Plaintiff is not entitled to the full amount that he claims, but is entitled to $1,800.00 instead of the $2,550.80, and the Plain-tiff be awarded his costs and attorney's fees in accordance with the rules."

Appellants contend on this appeal that the amended findings still are not suf-ficiently detailed and explicit to give this court a clear understanding of the basis of the trial court's decision. We disagree

1. Hamilton v. Lotto, 391 P.2d 948 (Alaska 1964).

with appellants. It seems clear enough that the judge reduced the amount of wages owing to appellee because of appellee's laches in pursuing his claim. Whether or not the judge was justified in doing this is not the point. He may not have been. But this is a question we do not decide because appellee has not complained that the reduction of wages owing him was not justified. He did not appeal from the judgment and we must presume that he is satisfied with the $1,800 awarded to him. The point that we are concerned with here is whether the findings are now explicit enough so that one can understand why the trial judge awarded appellee only $1,800 instead of $2,550.80. From the amended findings we now know the reason for the judge's action in this regard, and the object of the remand on the first appeal has been accomplished.

■ In their specifications of error appellants contend that there was insufficient evidence to sustain the trial court's find-ing that appellants were indebted to appellee in the amount of $1,800. This point is not argued in appellants' brief, and for that reason we could consider it abandoned and not discuss it further.[2] However, appellants did argue this point on the first appeal, where it was not decided because of the inadequacy of the findings; so we shall examine the point here despite the appellants' noncompliance with our rule in failing to renew the argument on this appeal.

■ One who contends that the evidence is insufficient to support a finding of the trial judge has the task of convincing this court that a definite mistake has been made—that the finding in question is clearly erroneous.[3] Appellants have not persuaded us as to the existence of any clear error. We have examined the transcript of proceedings in the trial court and find ample evidence to justify a finding that appellee was entitled to receive unpaid wages in the sum of at least $1,800.

The judgment is affirmed.

2. Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961); McSmith v. McSmith, 387 P.2d 454, 455 (Alaska 1963); Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962); City of Fairbanks v. Schaible, 375 P.2d 201, 211 (Alaska 1962); Gregory v. Padilla, 379 P.2d 951, 954 (Alaska 1963); McIntyre v. State, 379 P.2d 615, 618 (Alaska 1963); De-Armond v. Alaska State Development Corp., 376 P.2d 717, 725 (Alaska 1962); Parks v. Brown, 368 P.2d 220, 222 (Alaska 1962).

3. Ogden v. State, 395 P.2d 371 (Alaska 1964).