James A. WATTS and Walter B. Blue,
Appellants,

v.

SEWARD SCHOOL BOARD and Board of
Education, Appeal Hearing Com-
mittee, Appellees.

No. 427.

Supreme Court of Alaska.

Feb. 3, 1967.

Before NESBETT, C. J., and DIMOND
and RABINOWITZ, JJ.

NESBETT, Chief Justice.

On petition for rehearing:

In their petition for rehearing under Supreme Court Rule 35 appellants allege that the court has "overlooked, or failed to consider" constitutional questions concerning free speech, due process of law and equal protection of the laws with respect to the violation by appellants of Seward School Board Regulation E–7.

This court has not overlooked or failed to consider any question presented to it. The fact is that at no time during the six years this case has been in existence has it ever been urged, either in the administrative tribunals or courts, that there were any constitutional questions related to the issue of the validity and application of Regulation E–7.

Supreme Court Rule 9(e) requires that an appellant shall file with his designation of record a concise statement of the points on which he intends to rely on the appeal. Supreme Court Rule 11(a) (5), (6), and (8) requires a statement of the questions presented for review, a specification of

errors relied upon, and an argument to be contained in the appeal· brief. Appellants have failed to comply with any of these requirements with respect to the constitutional aspects of Regulation E–7 which they mention for the first time in their petition for rehearing.

This court has held that it will not consider matters on appeal which were not first presented to the lower courts[1] and that it will not consider on appeal matters which have not been presented in compliance with Supreme Court Rules 9(e) and 11(a) (5), (6), and (8).[2]

Supreme Court Rule 35 provides in part that:

The court may order a rehearing of a matter *previously decided* if, in reaching its decision

(1) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling. * * * (Emphasis added.) [3]

■ This rule was intended to provide a procedure for timely drawing to the court's attention its omission to consider a statute, decision, or principle which was *directly controlling* in a matter which had *previously been decided* by the court. It was not intended as a device for raising questions which had never before been presented to the appellate or lower courts and administrative boards. This court will not consider questions raised for the first time on petition for rehearing.[4]

■ Appellants allege that their constitutional rights were prejudiced by this court's refusal to permit a dissenting justice to revise his dissent in the light of

1. Sanuita v. Common Laborer's Union, 402 P.2d 199, 201 (Alaska 1965); Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962).

2. Sanuita v. Common Laborer's Union, 402 P.2d 199, 203 (Alaska 1965); Alaska State Housing Authority v. Vincent, 396 P.2d 531, 533 (Alaska 1964); Williams v. DeLay, 395 P.2d 839, 847 (Alaska 1964); Apex Concrete Co. v. Bray, 395 P.2d 514, 517 (Alaska 1964); Isaacs v. Hickey, 391 P.2d 449, 452 (Alaska 1964); Thomson v. Wheeler Constr. Co., 385 P. 2d 111, 114 (Alaska 1963); Gregory v. Padilla, 379 P.2d 951, 954–955 (Alaska 1963); McLemore v. Harris, 374 P.2d 410 (Alaska 1962); Veal v. Newlin, Inc., 367 P.2d 155, 157 (Alaska 1961). See: Beck v. Washington, 369 U.S. 541, 553, 82 S.Ct. 955, 8 L.Ed.2d 98, 109, rehearing denied, 370 U.S. 965, 82 S.Ct. 1575, 8 L.Ed.2d 834 (1962) where similar holdings by the Supreme Court of Washington were sustained.

3. Supreme Ct.R. 35 states:
   (a) Grounds for Petition. The court may order a rehearing of a matter previously decided if, in reaching its decision
   (1) The court has overlooked, misapplied or failed to consider a statute, decision or principle directly controlling; or
   (2) The court has overlooked or misconceived some material fact or proposition of law; or
   (3) The court has overlooked or misconceived a material question in the case.
   A rehearing will not be granted if it is sought merely for the purpose of obtaining a reargument on and a reconsideration of matters which have already been fully considered by the court.
   (b) Time for Filing-Form of Petition. An original and three legible copies of a petition for a rehearing must be filed within ten (10) days after judgment. The petition must be supported by certificate of counsel that in his judgment it is well founded and that it is not interposed for delay. The petition shall specifically state which of the above grounds exists, and shall specifically designate that portion of the opinion, brief, the record, or particular authority which the petitioner wishes the court to consider. The petition shall be prepared in conformity with Rule 12(b) and when filed shall be accompanied by proof of service on all parties. No petition for rehearing shall exceed three type-written pages. No memoranda or briefs in support of or in opposition to a petition for rehearing shall be received unless requested by the court.

4. A. F. Estabrook Co. v. Industrial Acc. Comm'n, 177 Cal. 767, 177 P. 848 (1918); Holohan v. Melville, 41 Wash.2d 380, 249 P.2d 777, 255 P.2d 899 (1953).

a revision in the majority opinion. There is no such rule of court, nor is such a practice followed. The practice which is followed by the court is based on the premise that cross comments must end sometime, therefore the dissenting opinion comments freely on the majority opinion and the majority then comments briefly on the dissent to the extent necessary to inform the losing party that the points raised by the dissent had in fact been considered by the majority, thereby avoiding petitions for rehearing based on the fact that the court "overlooked, or failed to consider" a controlling point.[5] Where a revision in the text of the majority opinion is made after a dissenting opinion has been written, the dissent would have another opportunity to comment on the change and the majority would have one opportunity to comment briefly on the revision of the dissenting opinion.

Rehearing is denied.

RABINOWITZ, J., did not participate in the consideration of the petition for rehearing.

---

5. See Supreme Ct.R. 35 quoted in note 3 supra.