STATE of Alaska, Appellant,

v.

7.536 ACRES and Irvin L. Evenson and Mildred I. Evenson et al., Appellees.

No. 796.

Supreme Court of Alaska.

Sept. 20, 1967.

D. A. Burr, Atty. Gen., Robert E. Price, Asst. Atty. Gen., Juneau, Paul B. Jones, Asst. Atty. Gen., Anchorage, for appellant.

John M. Strachan, Robison, McCaskey & Lewis, Anchorage, for appellees.

## OPINION

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

NESBETT, Chief Justice.

Appellant State commenced condemnation proceedings against land belonging to appellees for highway construction. The court appointed a master to "ascertain and assess just compensation" for the land. After hearings, the master found that just compensation should be in the amount of $87,963.00. Appellant had deposited only $11,398.80 with the court upon filing its declaration of taking.

Appellant was served with notice of the filing of the master's report on April 27, 1966. On April 28th appellant moved the

court for an order directing the master to clarify his report and staying the time for appeal from the master's report until filing of the requested clarification. Appellant's motion was granted on April 29, 1966.

On May 9, 1966, the court clerk mailed notice that the master's clarification of findings had been filed on May 6, 1966. On June 15, 1966, appellant, pursuant to Civil Rule 72(h) (5), filed a notice of appeal from the master's report. On June 24, 1966, appellees moved to dismiss the appeal on the ground that it was not timely filed pursuant to Civil Rule 72(h) (4).[1] Appellees also moved for the entry of judgment based on the master's report on the ground that appellant's failure to file a timely notice of appeal amounted to an acceptance of the master's report.

On July 7, 1966, appellant filed an "Application to the Court for Action Upon the Master's Report" which asked for the entry of an order rejecting the master's report and the clarification because the findings were clearly erroneous in that they were based, in part, upon an unwarranted theory of law. On July 7, 1966, appellant also filed objections to the master's report pursuant to Civil Rule 53(d) (2). On October 11, 1966, appellant filed a motion "To Set Aside Master's Award and Setting Case for Trial, or In the Alternative, Remanding to the Master with Instructions and Preservation of Plaintiff's Right to Appeal Pursuant to Rule 72(h) (4)".

On October 26, 1966, the trial judge denied all of appellant's pending motions and granted judgment to the appellees based on the report of the master.

The first issue to be considered is appellant's claim that the trial court erred in granting judgment to the appellees without requiring that the master's report be fur-

1. Civ.R. 72(h) (4) states:

    (4) *Appeal and Trial De Novo.* A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being

served with notice of the filing of the master's report. Any other interested person desiring to appeal from a master's report must take his appeal within ten (10) days after the filing of such report.

ther clarified so that it could be intelligently reviewed.

The effect of the entry of judgment was to foreclose appellant's right of appeal from the clarified master's report. Civil Rule 72(h) (4) requires that the appeal be taken within 10 days after the filing of the master's report.[2] The master's clarified report was filed on May 6, 1966, but appellant's notice of appeal was not filed until June 15, 1966, some 40 days later.

Appellant's argument is that because the master's clarification failed to clearly delineate the basis for each item of the award, it failed to comply with the court's order for clarification and therefore, the 10 day period for taking an appeal did not commence to run.

The clarified master's report separated the fair market value of the larger parcel of land of 117 acres into cultivated land at a stated unit price per acre; into uncultivated land at a stated unit price per acre; gravel deposit at a stated unit price per acre; square footage of lawn at a unit price per square foot and the value of improvements. The values of the various types of land taken were set out, based on the unit prices, and damages to the remainder of the land from pond-flooding and loss of sign were calculated.

Appellant appears to argue that Civil Rule 53(d) (2) is applicable with respect to the master's clarified report and that the trial court erred in not declaring it to be clearly erroneous.[3]

Appellant relies upon Civil Rule 72(a) which states that:

The procedure for the condemnation of property under the power of eminent domain shall be governed by these rules, except as otherwise provided in this rule.

and Civil Rule 72(h) which provides for the appointment of a master to determine the value of the property[4] and upon certain federal authorities.

■ The federal case authorities cited by appellant construing Rule 71A of the Federal Rules of Civil Procedure are not applicable because of certain basic differences between Alaska's Rule 72(h) and its federal counterpart, 71 A(h). Under the federal rules a jury trial on the issue of just compensation is not an absolute right. A party cannot appeal from a commission's award and receive a jury trial. Under Alaska's Rule 72(h) (4) an appeal may be taken from the master's report and under the provisions of AS 09.55.320 appellant may receive a trial de novo before a jury.[5]

---

2. Supra note 1.

3. Civ.R. 53(d) (2) in part states:
   (2) *In Non-Jury Actions.* In an action to be tried without a jury the court shall accept the master's findings of fact unless clearly erroneous.

4. Civ.R. 72(h) in pertinent parts states:
   (1) *Procedure.* The hearing of the allegations and evidence of persons interested, whether before the court, jury, or a master, shall be conducted in the manner prescribed by these rules.
   (2) *Hearing Before Master.* A master appointed by the court to ascertain the amount to be paid by the plaintiff to each owner or other person interested in the property shall report to the court pursuant to Rule 53(d) (1).
   (3) *Notice of Report.* Upon the filing of a report by the master, the clerk shall forthwith mail notice of the filing to all parties who have appeared or answered.
   (4) *Appeal and Trial De Novo.* A party who has appeared or answered before the filing of a master's report may appeal within ten (10) days after being served with notice of the filing of the master's report. Any other interested person desiring to appeal from a master's report must take his appeal within ten (10) days after the filing of such report.

5. AS 09.55.320 states:
   *Right to jury trial as to damages and value of property.* An interested party may appeal the master's award of damages and his valuation of the property, in which case there shall be a trial by jury on the question of the amount of damages and the value of the property, unless the jury is waived by the consent of all parties to the appeal.

Federal Rule 71 A(h) provides in part that the commission's findings and report:

> * * * shall have the effect, and be dealt with by the court in accordance with the practice, prescribed in paragraph (2) of subdivision (e) of Rule 53. (Federal Rule 53(e) (2) is identical to Alaska's Rule 53(d) (2)).

There is no similar provision in Alaska's Rule 72(h). These differences conclusively show that it was not intended that Civil Rule 53(d) (2) and (3) have any application in eminent domain proceedings. It follows that the proper and only method of attacking a master's report is by way of appeal and trial de novo before a jury unless a jury trial is waived.

Appellant argues that its objections to the master's report pointed out at least 6 aspects of the report which needed further clarification before the report could be intelligently reviewed.

We do not consider appellant's point to be well taken. Appellant's objections to the master's report were not filed until July 7, 1966, some 62 days after the filing of the master's report. It appears that the master's report was submitted in the format requested by appellant on forms supplied by appellant. If the clarified report in fact failed to comply with the court's order or for any reason required further clarification, appellant should have timely moved for an appropriate order and stay of the running of the time for appeal, as it did with respect to the master's original report. We find no error with respect to this point on appeal.

Appellant next argues that the court erred in denying appellant's motion to set aside the master's report on the ground that the award was excessive.

Appellant's argument is that it had employed a reputable private firm of appraisers which had done extensive appraisal work in Alaska and other western states to establish the appraised fair market value of the subject property at $11,398.80; that valuation of real estate before sale is an estimate with room for a reasonable difference of opinion, but that the master's figure of $87,963 is an increase in excess of 650 per cent over the figure ascertained by appellant's appraisers and suggests that a mistake was made by the master. It is further argued that the trial court did not have a sufficient record before it upon which to make an adequate review of the master's valuation, but that it did know that appellant had deposited $11,398.80 as estimated just compensation and that the master had arrived at a figure of $87,963 and that such a variance should have prompted the trial court to require further clarification by the master.

Appellants have not advanced any legal argument of substance. We have already held that the duty of timely requesting a further clarification was appellant's under the circumstances. The record reveals that the recognition by the master of the existence of a gravel deposit on the land, which was found to have a much higher valuation than the balance of the acreage, accounts for the wide variation in appraised value. Because the reason for the variance was obvious to the trial judge, it cannot be considered as notice to him that a mistake had been made.

Appellant next urges that the trial court erred in not requiring the master to file a transcript of the proceedings had before him pursuant to the requirements of Civil Rule 53(d) (1) so as to permit an adequate review of the master's findings.

A search of the record and transcripts reveals that appellant did not present this matter to the trial court in any form. This court has repeatedly held that it will not consider matters on appeal which were not first presented to the trial courts.[6]

---

6. Sanuita v. Common Laborer's Local 341, 402 P.2d 199, 201 (Alaska 1965); Pollastrine v. Severance, 375 P.2d 528, 531 (Alaska 1962); See also Watts v. Seward School Board, 423 P.2d 678 (Alaska 1967).

■ The last point urged by appellant is that the court erred in denying its objection to the master's report based on the fact that the report stated incorrect and contradictory areas for the land condemned.

The caption of appellant's complaint described the land as "7.536 acres"; schedule A to the complaint entitled "Tract Description" describes the extent of the land as being "Net area equals 8.852 acres, more or less"; the declaration of taking described the land in the caption as "7.536 acres", but the tract description again described the extent of the land as "Net area equals 8.852 acres, more or less". In a Motion to Appoint Master, filed by appellant on January 18, 1966, and in all pleadings filed by both parties thereafter, the land was described in the caption as "7.536 acres, more or less" except that in paragraph 4 of the master's report the land was stated to be of an area of 8.852 acres. On the other hand, when all of the areas listed for valuation in paragraph 2 of

the master's clarification are added together, the total acreage is 9.942 acres.[7]

It is obvious from the record that the land was never surveyed, and acreages stated were modified by the descriptive term "more or less". It seems probable therefore that the slight variance in acreage between the master's original report and his clarified report results from a clerical error.

Such an error is not fatal to the validity of the judgment and may be corrected by the trial court upon remand.[8]

Finding no error in law the case is remanded to the trial court for a determination of the correct acreage of each type of land condemned as listed in paragraph 2 of the master's clarified report of May 6, 1966. When the correct acreages have been determined the corrected valuation shall be calculated on the basis of the master's valuation per acre. The judgment shall be corrected accordingly and as corrected is affirmed.

---

7. Both the trial court and counsel for appellant had apparently erroneously totalled these areas as 8.94 acres at the time of trial on August 16, 1966.

8. Civ.R. 60(a) states:
   (a) *Clerical Mistakes.* Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal or petition for review to the supreme court, such mistakes may be so corrected before the record is filed in the supreme court, and thereafter may be so corrected with leave of the supreme court.