**David V. RASCO and Sarah E. Rasco, Appellants,**

v.

**Myron Stanley MORAN and Helen E. Moran, Appellees.**

No. 1228.

Supreme Court of Alaska.

Oct. 23, 1970.

Edward J. Reasor, Anchorage, for appellants.

John M. Stern, Jr., Anchorage, for appellees.

Before BONEY, C. J., and DIMOND, RABINOWITZ, CONNOR, and ERWIN, JJ.

## OPINION

RABINOWITZ, Justice.

R. D. Rasco and his wife Patricia were killed in a plane crash. Two children survive them, Jeffery, born in 1965, and Robert, born of R. D. Rasco and a previous wife in 1961 and adopted by Patricia Rasco. Patricia's parents, Myron and Helen Moran of Dillingham, Alaska, and R. D.'s parents, David and Sarah Rasco of California, petitioned the Superior Court of Alaska to appoint them guardians of the persons and estates of Jeffery and Robert. A master held hearings and prepared a report summarizing the testimony and recommending that the Morans' petition be granted and the Rascos' petition denied.

The court adopted the master's report, denied the Rascos' petition, and appointed the Morans guardians of the persons and estates of Jeffery and Robert. The Rascos appeal.

The Rascos specify four errors. The first is that the master erred in admitting into evidence the statement of a witness that R. D. Rasco had told him,

[W]ell, at least I know that if anything happened to Pat or R. D.—Pat and I that Helen and Myron [Moran] would take good care of the children.

Appellants claim that this testimony was inadmissible hearsay. Since appellants failed to raise this point below in their objections to the master's report or their objections to the proposed order confirming the master's report, they cannot raise it now.[1]

The second specification of error is that the superior court erred in not allowing the paternal grandparents visitation rights. Since the court below did not rule on this matter, there is nothing to appeal,[2] and the Rascos may petition the superior court for visitation rights without showing change of circumstances.

The third specification of error is that the superior court committed error in adopting the master's report because the report is not sufficiently comprehensive, is contrary to the great weight of the evidence, and is clearly erroneous. Our study of the record has left us with the conviction that the master's report was sufficiently comprehensive, supported by substantial evidence, and no material finding of fact contained in the report was clearly erroneous.

Appellants' fourth specification of error is that the superior court erred in failing to accord appellants, as closest relatives, preference in regard to the custody of the older child, Robert. They argue from AS 20.05.010, which provides that

[i]n selection of a guardian the court shall give precedence to the closest relative who is of good moral character and competent to discharge his duties.

Appellants argue that "relative" in this guardianship statute means blood relative, and since appellants' son was Robert's natural father but appellees' daughter was merely Robert's adoptive mother, appellees are not relatives of Robert; alternatively, appellants are closer relatives to Robert than appellees because of the blood tie. Appellees argue that they are as much Robert's grandparents as appellants by virtue of the adoption statute, AS 20.10.-120(b), providing that

[a]n adopter and the spouse of an adopted child, and their respective kin, have the rights of inheritance from the child as prescribed by the statutes of descent and distribution for natural parents, spouse and their respective kin to the exclusion of the adopted child's natural parents and kin, and any prior adopter and his kin. Where a natural parent is the spouse of an adopter, the natural and adopted parent and kin inherit the same as natural parents and their kin.

The above adoption statute cited by appellees governs inheritance rights rather than guardianship, so could only apply by analogy. We rely instead on AS 20.10.-120(a), also cited by appellees, which provides that

[b]y a decree of adoption, the natural parents, other than a spouse of an adopter, are divested of all legal rights and obligations in respect to the child, and the child shall be free from all legal ob-

---

1. State v. 7.536 Acres, 431 P.2d 897 (Alaska 1967). Assuming the questioned testimony can be characterized as hearsay, in light of the entire record we fail to see how its admission was other than harmless error.

2. Supreme Ct.R. 6.

ligations of obedience and maintenance in respect to them, and is, as to all legal incidents, the child, legal heir, and lawful issue of his adopter, entitled to all rights and privileges, including the right of inheritance and the right to take testamentary disposition, and subject to all the obligations of a child of the adopter. If, as this statute provides, an adopted child "is, as to *all* legal incidents," the adopter's child, then consonant with the clear legislative intent of the statute, he must be the adopter's child for purposes of applying the guardianship statute. We fail to perceive any persuasive reasons militating against a literal reading of AS 20.10.-120(a).

Affirmed.